UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY J. MEEKS,

        Plaintiff,

        v.                                 Case No. 21-C-364

DALIA SULIENE,

        Defendant.

# SCREENING ORDER

Plaintiff Jerry Meeks, who is currently serving a state prison sentence at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Meeks' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Meeks has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Meeks has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $23.38. Meeks' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Meeks alleges that, in 2008, Defendant Dr. Dalia Suliene evaluated him in response to his complaints of chronic leg pain caused by bullet fragments that had been lodged in his leg since 1998. According to Meeks, Dr. Suliene did not provide any medical treatment or pain medication. Meeks asserts that he endured significant leg pain until 2011, when the bullet fragments were removed. Dkt. No. 1 at 3-10.

### THE COURT'S ANALYSIS

Throughout his complaint, Meeks refers to a 2012 order that he attaches to his complaint, which was entered by the Court in *Meeks v. Suliene*, No. 11-C-54. *See* Dkt. No. 1-1. The claim against Dr. Suliene in that case is identical to the claim against Dr. Suliene in this case—Meeks asserts that Dr. Suliene was deliberately indifference to his chronic leg pain.[1] No. 11-C-54, Dkt. No. 1.[2] On March 28, 2012, the Court denied Dr. Suliene's motion for summary judgment on the merits, and on November 29, 2012, the Court denied her motion for partial summary judgment on exhaustion grounds. *Id.* at Dkt. Nos. 87, 118. On March 20, 2013, Magistrate Judge James Sickel notified the Court that the parties had reached an agreement and settled the case. *Id.* at Dkt. Nos. 126, 127. The parties filed a joint motion to dismiss on May 22, 2013, and the Court entered an order of dismissal the next day. *Id.* at Dkt. Nos. 129, 130. Although Meeks' claims were dismissed without prejudice, the order clarified that "the Parties shall not relitigate issues resolved by the Settlement Agreement." *Id.* at Dkt. No. 130.

---

[1] Meeks also sued two other doctors in Case No. 11-C-54, but he does not reassert those claims in this case.

[2] The Court may take judicial notice of matters in the public record, which includes court documents. *See Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

That should have been the end of Meeks' claim against Dr. Suliene, but it was not. Beginning in January 2014 and continuing through December 2019, Meeks filed multiple motions, all of which were denied. He sought to enforce the settlement agreement, he moved to reopen the case, he asked about pursuing punitive damages and refiling his claims, and he asked the Court to recruit counsel to represent him. The Court repeatedly informed Meeks that his case had been dismissed pursuant to the settlement agreement and that the State had satisfied all of its obligations under the settlement agreement. *See, e.g.*, *Id.* at Dkt. Nos. 150, 154.

Apparently, having been unable to obtain the outcome he desires, Meeks decided to initiate a new case raising the same claim against Dr. Suliene that was dismissed nearly eight years ago pursuant to the parties' settlement agreement. The Court will dismiss Meeks' current complaint because it is both frivolous and malicious. *See* 28 U.S.C. §1915A (instructing courts to dismiss any complaint brought by a prisoner that is "frivolous, malicious, or fails to state a claim upon which relief may be granted").

A "frivolous" complaint "lack[s] an arguable basis either in law or fact." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (citations omitted). A claim is legally frivolous if it is "based on an indisputably meritless legal theory." *Id.* In his complaint, Meeks acknowledges that, at the relevant time, Wisconsin had a six-year statute of limitations, yet he complains about conduct that started in 2008 and ended a decade ago in 2011. Meeks fails to offer a valid basis for tolling the statute of limitations. He asserts that Dr. Suliene's conduct should be viewed as a "continuing violation," but he also asserts that his leg pain was resolved in 2011 when the bullet fragments were removed. His suggestion that her alleged deliberate indifference to his leg pain continues even though he has not had leg pain since 2011 is nonsensical. Accordingly, the Court finds that this action, which was brought long after the statute of limitations expired, must be dismissed

4

because it is frivolous. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (finding that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit").

Further, this case must be dismissed because Meeks' complaint is malicious. A "malicious" complaint is one brought for purposes of harassment. *Heard v. Blagojevich*, 216 F. App'x 568, 570 (7th Cir. 2007) (citing *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003)). Meeks had a full opportunity to litigate his claim against Dr. Suliene. He survived a motion for summary judgment on the merits and a motion for summary judgment on exhaustion. Rather than go to trial, he agreed to mediation, where, with the assistance of counsel, he settled the case. In exchange for his agreement to dismiss the case and to "not relitigate the issues resolved by the Settlement Agreement," the State agreed to provide a monetary payment and other benefits to Meeks, *see* No. 11-C-54 at Dkt. No. 153-1. The attorney who represented Meeks at the mediation has confirmed to the Court that the State satisfied its obligations under the agreement. Meeks offers no explanation for why he is re-litigating this claim despite his agreement not to. As such, allowing him to proceed with this case would serve no purpose other than to harass Dr. Suliene, and the Court will not allow Meeks to do that.

**IT IS THEREFORE ORDERED** that Meeks' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) as frivolous and malicious.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Meeks shall collect from his institution trust account the $326.62 balance of the filing fee by collecting monthly payments from Meeks' prison trust account in an amount equal to 20% of the preceding month's income credited to Meeks' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Meeks is transferred to another institution, the transferring institution shall forward a copy of this Order along with Meeks' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 7th day of May, 2021.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.